```
UNITED STATES DISTRICT COURT                    FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                    :
LOUISE FONG, as guardian for LILA                   :
LANZIESAR and as guardian for ALFRED                :
LANZIESAR,                                          :
                                                    :
                        Plaintiff,                  :    MEMORANDUM AND ORDER
                                                    :
                - against -                         :    11-CV-5904 (JG) (JMA)
                                                    :
ELDER LIFE MANAGEMENT, INC.,                        :
                                                    :
                        Defendant.                  :
-----------------------------------------------------------x
```

A P P E A R A N C E S :

    ANDREW GREENE & ASSOCIATES, P.C.
        202 Mamaroneck Avenue
        White Plains, New York 10601
    By:    John V. D'Amico

    *Attorneys for Plaintiff*

    BARRETT LAZAR, LLC
        109-01 72nd Road, Suite 1A
        Forest Hills, New York 11375
    By:    Scott A. Lazar

    *Attorneys for Defendant*

JOHN GLEESON, United States District Judge:

        Plaintiff Louise Fong, as guardian for Lila Lanziesar and Alfred Lanziesar, commenced this action against Elder Life Management, Inc. ("Elder Life") in the Supreme Court of the State of New York, Queens County. On December 5, 2011, Elder Life removed the action to this Court, asserting federal subject-matter jurisdiction on the basis of diversity of citizenship. Fong moves to remand the action to state court on the grounds that the amount in controversy is below the statutory minimum for diversity jurisdiction. For the reasons set forth below, the motion to remand is granted.

BACKGROUND

Fong is the daughter of Lila and Alfred Lanziesar.  In 2008, acting as her parents' guardian, Fong entered into an agreement with Elder Life.  Compl. ¶ 6.  Pursuant to the agreement, Elder Life would provide services to the Lanziesars including "elder care management and account management" in exchange for payments that would be determined by the type and frequency of the particular services provided.  *Id.*; *see also id.* Ex. A.  Fong alleges that Elder Life breached the agreement by billing the Lanziesars for services that were either unnecessary or not actually rendered.  *See, e.g.*, *id.* ¶ 8.

With respect to Lila Lanziesar, Fong alleges that Elder Life overbilled by approximately $64,000, but not more than $74,000.  *See id.* ¶ 14.  With respect to Alfred Lanziesar, Fong claims Elder Life overbilled by approximately $35,000, but not more than $74,000.  *See id.* ¶ 19.  Fong seeks total damages of approximately $99,000.

Fong, in her capacity as the Lanziesars' guardian, originally commenced a state-court action against Elder Life in October 2011.  In that first action, she alleged a total amount of overbilling in the approximate amount of $100,000.  The complaint did not break down this total into the separate amounts by which Lila and Alfred were individually overbilled.

Elder Life removed that action to this Court, asserting that there was federal subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) due to the purportedly diverse citizenship of the parties and an amount in controversy that exceeded $75,000.  *See* Notice of Removal, *Fong v. Elder Life Mgmt., Inc.*, No. 11-CV-5429 (KAM) (ALC) (E.D.N.Y. filed Nov. 7, 2011).  The removed action was voluntarily dismissed on November 16, 2011.

That same day, Fong commenced the present action in state court.  Her complaint here is virtually identical to that in the voluntarily dismissed action, except that she has now

broken out the damages claimed into the separate amounts by which Lila and Alfred were each allegedly overbilled. *See* Compl. ¶¶ 14, 19.

Elder Life removed the action to this Court on December 5, 2011, again asserting federal subject-matter jurisdiction pursuant to § 1332(a)(1). On December 22, 2011, Fong moved to remand the action to state court asserting that this Court lacks subject-matter jurisdiction. The Court heard oral argument on January 20, 2012.

## DISCUSSION

A. *Whether the Action Should Be Remanded*

A party generally may remove an action from state court to federal court if the action could have been brought in federal court, *i.e.*, there is federal subject-matter jurisdiction. *See* 28 U.S.C. § 1441(a); *Sygenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002); *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011). If federal subject-matter jurisdiction is lacking at the time of removal, the case must be remanded to state court. 28 U.S.C. § 1447(c); *Brown*, 654 F.3d at 356.

Federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The party invoking federal jurisdiction – here, Elder Life – "has the burden of establishing the existence of the jurisdictional amount in controversy." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994); *see also Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004).

There is no dispute that there is complete diversity of the parties. The sole issue in the present motion is whether the amount-in-controversy requirement is satisfied. As apparent from the face of the complaint, Fong seeks to recover total damages in excess of $75,000.

3

However, these damages are sought on behalf of two different people – Lila and Alfred – for whom Fong is acting as guardian. Neither Alfred's nor Lila's claimed damages exceed $75,000 on their own. Thus, the existence of subject-matter jurisdiction turns on whether the claims may be aggregated for purposes of establishing the threshold amount in controversy.

The permissibility of such aggregation generally turns on whether the claims are brought by a single plaintiff or multiple plaintiffs. Except in certain class actions, *see* 28 U.S.C. § 1332(d)(6), "separate and distinct claims raised by *different* plaintiffs may *not* be aggregated to satisfy the jurisdictional amount in controversy." *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) (emphasis added); *see also Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1437 n.3 (2010).[1] On the other hand, "[d]ifferent state claims brought by a *single* plaintiff may be aggregated for purposes of satisfying the amount-in-controversy requirement." *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (emphasis added); *see also Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999).

In cases where a plaintiff is acting in a representative capacity for multiple beneficiaries, the question of aggregation may be more complex. Although there is a single named plaintiff, the claims belong to more than one person. When assessing jurisdiction under these circumstances, courts should disregard parties that are acting only in a representative capacity and instead identify the "real parties to the controversy." *Navarro Savings Ass'n v. Lee*,

---

[1] Under the "common fund" exception to this rule, aggregation of claims by different plaintiffs is permitted when they "have a common, undivided interest and a single title or right is involved." *Gilman v. BHC Secs., Inc.*, 104 F.3d 1418, 1423 (2d Cir. 1997) (citation and internal quotation marks omitted). "[T]he 'paradigm cases' allowing aggregation of claims 'are those which involve a single indivisible res, such as an estate, a piece of property (the classic example), or an insurance policy. These are matters that cannot be adjudicated without implicating the rights of everyone involved with the res.'" *Id.* (quoting *Bishop v. Gen. Motors Corp.*, 925 F. Supp. 294, 298 (D.N.J. 1996)). The separate breach of contract claims at issue here "*could be* adjudicated on an individual basis," *id.*, and thus the common fund exception is inapplicable. *See, e.g.*, *Monahan v. Pena*, No. 08-CV-2258 (JFB) (ARL), 2009 WL 2579085, at *5 (E.D.N.Y. Aug. 18, 2009).

446 U.S. 458, 461 (1980); *see also, e.g.*, *Airlines Reporting Corp. v. S & N Travel, Inc.*, 58 F.3d 857, 861–62 (2d Cir. 1995); *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 596–97 (7th Cir. 1990); *Rock Drilling Local Union No. 17 v. George M. Brewster & Son, Inc.*, 217 F.2d 687, 695 (2d Cir. 1954).[2] This requires courts to look at the substance of the lawsuit rather than the form in which it is brought in order to determine if it is within the limited class of cases for which Congress has authorized federal jurisdiction.

In a case brought by a guardian, the ward is the relevant party for jurisdictional purposes. By statute, it is the ward's citizenship, rather than the guardian's, that is considered when determining whether there is diversity of citizenship. *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent."). The ward is the real party to the controversy, and only because the ward lacks the capacity to sue is there a need for the guardian to pursue the claims. The existence of federal jurisdiction should not turn on whether the appointed guardian's citizenship happens to be the same as, or different from, a defendant's.

The analogous conclusion should apply to determining whether claims may be aggregated to satisfy the amount-in-controversy requirement. Claims of a single ward may be aggregated, but separate and distinct claims of multiple wards cannot be aggregated even if there is a common guardian. *See Baker v. Abrams*, 929 F. Supp. 617, 620–21 (D. Conn. 1996); *cf. Martinez v. J.C. Penney Corp.*, No. 08-20803-CIV, 2008 WL 2225663, at *2–4 (S.D. Fla. May

---

[2] The real party to the controversy for jurisdictional purposes is not necessarily the same as the real party in interest for procedural purposes under Rule 17(a) of the Federal Rules of Civil Procedure. *See Navarro Savings Ass'n*, 446 U.S. at 462 n.9 ("There is a 'rough symmetry' between the 'real party in interest' standard of Rule 17(a) and the rule that diversity jurisdiction depends upon the citizenship of real parties to the controversy. But the two rules serve different purposes and need not produce identical outcomes in all cases."); *Airlines Reporting Corp.*, 58 F.3d at 861 n.4. Here, "although [Fong] is a 'real party in interest' in the sense that this action properly may be maintained in [her] name," *Airlines Reporting Corp.*, 58 F.3d at 861 n.4; *see also* Fed. R. Civ. P. 17(a)(1)(C) & (c), that does not mean that the separate claims on behalf of Lila and Alfred may be aggregated.

29, 2008) (plaintiff could not aggregate claims she brought individually with those she brought on behalf of her minor daughter); *Bruno v. Martin*, No. 4:07cv451, 2008 WL 2148466, at *2 (E.D. Tex. May 20, 2008) (same); *Oxman v. Hellene Pessl Inc.*, 279 F. Supp. 65, 66–67 (S.D.N.Y. 1968) (same).

Applying these principles here, I conclude that aggregation cannot be used to satisfy the amount-in-controversy requirement. The substance of this lawsuit consists of separate, albeit factually related, claims that Elder Life overbilled for its services to Lila and to Alfred. If Lila and Alfred had the capacity to sue Elder Life themselves, it would be beyond reasonable dispute that their claims could not be aggregated.[3] Similarly, had they been appointed different guardians, aggregation would clearly be unavailable. The happenstance that they have both been appointed the same guardian should not alter this result.

Elder Life argues that Fong's voluntary dismissal of her first action and subsequent filing of a complaint with separate damages claims is an improper attempt to avoid federal jurisdiction. It argues that Fong should be held to the allegations in her first action that she is seeking $100,000 in total damages, which clearly satisfies the amount-in-controversy requirement.

This case, however, is not comparable to one in which a "plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938).

---

[3] It is not for me to question the wisdom of that rule, which has been persuasively criticized. A functional approach to the phrase "matter in controversy" in § 1332(a) could readily aggregate virtually identical claims based on the same instrument, and "[s]ince the basic purpose of the amount in controversy requirement is to ensure that the federal courts adjudicate only those diversity controversies that appear to be substantial, the interpretation given to the jurisdictional statutes in the context of aggregating the claims of several parties seems to be neither necessary nor compelling." 14AA Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 3704, at 601 (4th ed. 2011). However, the rule against aggregation is well-established by cases that include decisions of the Second Circuit, so I must apply that rule here.

Under such circumstances, the federal court retains jurisdiction because the requisite amount in controversy existed at the time of removal. *See id.*; *see also Katzman v. Am. Airlines, Inc.*, No. 97 Civ. 8321 (JSM), 1997 WL 752730, at *2 (S.D.N.Y. Dec. 4, 1997). Here, by contrast, Fong has not materially reduced the total amount of damages she seeks. She has simply modified her prior complaint to make it clear that the damages are attributable to two different persons, who are the real parties to the controversy. And neither of those person's claims separately satisfies the amount-in-controversy requirement.

Indeed, it is possible that Fong's first case would have been remanded had she not voluntarily dismissed it. Even though it was not apparent from the face of her complaint, she could have established, through affidavits or otherwise, that the separate claims of Lila and Alfred were insufficient on their own to establish diversity jurisdiction. *See United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994).

In any event, Fong did voluntarily dismiss her first case, as was her right, *see Katzman*, 1997 WL 752730, at *1–2, and has now filed a complaint that eliminates ambiguity regarding the amount in controversy. Since neither of the real parties to the controversy has claims in excess of $75,000, this Court lacks jurisdiction and must remand the case.

B.       *Whether an Award of Attorney's Fees and Costs Is Warranted*

An order remanding an action to state court may award attorney's fees and costs to the non-removing party. *See* 28 U.S.C. § 1447(c). However, a fee award should not accompany every decision to grant a motion to remand. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Rather, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for

7

seeking removal." *Id.* at 141; *see also Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011).

Although the general principle against non-aggregation of claims for jurisdictional purposes is well-established, there is a dearth of cases applying them to the circumstances here, *i.e.*, claims on behalf of different persons asserted by a single guardian. Since the existence of federal subject-matter jurisdiction was not clearly foreclosed by existing law, I conclude that it was objectively reasonable for Elder Life to remove the case. I therefore decline to award attorney's fees or costs. *See, e.g.*, *Little Rest Twelve, Inc. v. Visan*, --- F. Supp. 2d ----, No. 11 Civ. 2306 (JGK), 2011 WL 5979541, at *2 (S.D.N.Y. Nov. 29, 2011) ("If a defendant's grounds for removal are not clearly barred by established federal law, then an award of attorney's fees and costs is improper."); *Cary v. TIAA-CREF*, No. 06-CV-6421 CJS, 2006 WL 4070768, at *4 (W.D.N.Y. Dec. 18, 2006).

## CONCLUSION

For the reasons stated above, the motion to remand is granted. Fong's request for attorney's fees and costs is denied. The Clerk of Court is respectfully directed to remand this action to the Supreme Court of the State of New York, Queens County.

So ordered.


John Gleeson, U.S.D.J.

Dated: January 23, 2012
      Brooklyn, New York

8